IN the INTEREST OF J.A.B., A Child Under the Age
of 18: D.B., Appellant,

v.

WAUKESHA COUNTY HUMAN SERVICES
DEPARTMENT, Respondent.

Court of Appeals

*No. 89-0024. Argued September 12, 1989.—Decided December
27, 1989.*

(Also reported in 451 N.W.2d 799.)

On behalf of the appellant there were briefs and oral argument by *Judith M. Paulick* of Elm Grove.

On behalf of the respondent, there was a brief and oral argument by *Danni L. Caldwell,* assistant corporation counsel.

On behalf of the guardian ad litem, there was a brief and oral argument by *Thomas K. Voss* of *Love, Voss, Dreyfus & Murray* of Waukesha.

Before Brown, P.J., Scott and Nettesheim, JJ.

SCOTT, J. D.B. appeals from an order terminating her rights to her child, J.A.B. D.B. argues that the trial court: (1) improperly directed the verdict on four questions of the special verdict; (2) failed to use the entire pattern jury instruction; (3) misled the jury by submitting to it the entire seven-question special verdict with four questions already answered by the court; and (4) improperly introduced the guardian ad litem to the jury as the attorney appointed to represent J.A.B.'s "best interests." Finally, she contends that the jury's affirmative response to question five of the special verdict is not supported by sufficient evidence. As to issues two through five, we find no error and so affirm that part of the order. As to the first issue, however, we conclude that, though a directed verdict is permissible, the trial court erred in taking judicial notice of disputed facts. We therefore reverse and remand for trial on that issue. While we do not deem it necessary, we leave to the trial court's discretion the question of whether to retry additional issues.

On July 16, 1987, a petition was filed alleging that J.A.B. was in continuing need of protection or services

under sec. 48.415(2), Stats., and calling for the termination of D.B.'s parental rights (TPR). The case was tried before a jury in May, 1988.

At the close of the five-day trial, the court submitted to the jury a special verdict consisting of seven questions. The trial court answered the first four questions itself, concluding that the evidence allowed no dispute as to the answers. The jury answered the remaining three questions in the affirmative, thus finding J.A.B. in continuing need of protection or services. Based upon the jury's finding and additional findings made after the dispositional hearing, the court entered an order terminating D.B.'s parental rights.

On appeal, D.B. first alleges that the trial court invaded the province of the jury by answering questions one through four of the special verdict.[1] D.B. contends that, by directing a portion of the verdict, the court denied her the constitutional right to a jury trial. That is incorrect. A termination of parental rights proceeding is civil in nature. *In re M.A.M.*, 116 Wis. 2d 432, 442, 342 N.W.2d 410, 415 (1984). Wisconsin civil procedure allows a directed verdict. Sec. 805.14(4), Stats.

---

[1] Questions one through four of the special verdict were:

(1) Was the child, J.A.B., adjudged to be in need of protection or services?

(2) Was the child, J.A.B., placed and continued in a placement outside the home of the parent, D.B., pursuant to orders under sec. 48.345 and sec. 48.365, Wis. Stats.?

(3) Did the court orders contain the notice required by sec. 48.356(2), Wis. Stats.?

(4) Has the child, J.A.B., been outside the home of the parent, D.B., for a cumulative total period of one (1) year or longer pursuant to such court orders?

■ Moreover, D.B. did not object at trial to the court's answering the first, second and fourth questions of the special verdict. Without a specific objection which brings into focus the nature of an alleged error, a party does not preserve its objections for review. *Zeller v. Northrup King Co.,* 125 Wis. 2d 31, 35, 370 N.W.2d 809, 812 (Ct. App. 1985).

Question three of the special verdict—whether the court orders contained the statutory notice—is another matter, however. D.B. preserved that issue for review by objecting at trial to the taking of judicial notice that the orders she received contained the required warnings and asking that the question instead be submitted to the jury. D.B. does not dispute that she received the orders. The issue on appeal is therefore limited to whether the orders contained the requisite warnings.

Termination of D.B.'s parental rights was sought under sec. 48.415(2), Stats. Under that statute, one of the elements to be shown is:

> (a) That the child has been adjudged to be in need of protection or services and placed, or continued in a placement, outside his or her home pursuant to one or more court orders under s. 48.345, 48.357, 48.363 or 48.365 *containing the notice* required by s. 48.356(2). [Emphasis added.]

Section 48.356(2), Stats., requires that a written order placing a child outside the home must notify the parent of any grounds for TPR which may be applicable and of the conditions necessary for the child to be returned to the home. Accordingly, the original dispositional order and the two extension orders should have contained such notice. By the language "See attached warning regarding grounds for Termination of Parental

Rights" and "See attached Amended Permanency Plan . . . made part of this Order," all three orders specifically referenced the TPR warnings and conditions to be met before J.A.B. could return to D.B.'s home.

The court determined that the original order contained the required written notice. A question arose, however, as to whether both of the extension orders contained the necessary notice. The court files held copies of letters indicating that the orders had been sent to D.B., and the orders refer to attached warnings and permanency plans, yet D.B. claims not to recall receiving the TPR warnings. Nonetheless, the court took judicial notice that all three orders contained the requisite notice.

Waukesha county and the guardian ad litem suggest that sec. 902.01(2), Stats., allows a court to take judicial notice of the ordinary course of business in an office of the court. They further contend that, since the judicially noticed ordinary course of the court's business in this case included attaching a copy of the termination warnings to the mailed orders, it was not error for the trial court to judicially notice that the termination warnings actually were contained in the orders sent to D.B. They assert that using judicially noticed facts to answer question three was proper because the record shows no evidence supporting a contrary conclusion, nor did D.B. offer any.

It was not, however, D.B.'s burden to show that she did not receive the statutory termination warnings. In TPR proceedings, the petitioner bears the burden of showing that termination is appropriate. *In re Baby Girl K.,* 113 Wis. 2d 429, 441, 335 N.W.2d 846, 852 (1983), *appeal dismissed,* 465 U.S. 1016 (1984). D.B.'s claimed

inability to recollect receiving the warnings was sufficient to place that fact in dispute.

A court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Sec. 902.01(2), Stats. Accordingly, a court may judicially notice facts about its own usual procedures. The court here could have judicially noticed, therefore, that its usual practice was to attach to each order a copy of the termination warnings referred to in the order and then to send both the order and the warning to the parent.

However, the trial judge not only judicially noticed those facts but drew an inference from them and concluded that the orders contained, or had attached to them, the required warnings. He did this despite "realiz[ing] that there was a question raised" regarding the required notice. Where the statute directs that certain facts be shown and those facts are in dispute, the inferences to be drawn from those facts are not appropriate for judicial notice. They are for the trier of fact. *See Acme Equip. Corp. v. Montgomery Coop. Creamery Ass'n,* 29 Wis. 2d 355, 363, 138 N.W.2d 729, 733 (1966). We hold that whether the termination warnings were in fact contained in the orders presented an issue for determination by the jury. This being the case, the court erred in answering question three of the special verdict.

D.B. next appeals the trial court's failure to use the standard jury instruction in its entirety. D.B. argues that the incompleteness of the jury instructions misled the jury, denying D.B. due process of law.

■■

Failure to timely object to proposed jury instructions constitutes a waiver of any error. *In re C.E.W.*, 124 Wis. 2d 47, 54, 368 N.W.2d 47, 51 (1985). Because D.B. did not object below to the instruction, the issue is waived.

■■

The third issue on appeal is whether the trial court abused its discretion when it submitted to the jury the answered questions of the special verdict to the jury along with the unanswered questions. In her brief-in-chief, D.B. asserts that the court's affirmative answers induced the jury to also respond affirmatively to the unanswered questions. D.B. does not develop that argument, however, nor does she refer us to any authority to shore up her assertions. Furthermore, at oral argument before this court, D.B. declined to amplify the argument, even when asked specifically about it. Consequently, we deem the issue abandoned. *Reiman Assoc. v. R/A Advertising, Inc.*, 102 Wis. 2d 305, 306 n. 1, 306 N.W.2d 292, 294 (Ct. App. 1981).

Fourth, D.B. argues that by introducing the guardian ad litem to the jury as "the attorney appointed by the court to represent the best interests of J.A.B.," the trial court improperly injected into the fact-finding proceedings the best interest of the child standard. In support, D.B. relies on *C.E.W.*, which describes the role of the guardian ad litem in TPR proceedings. *C.E.W.*, 124 Wis. 2d at 65–70, 368 N.W.2d at 56–58. *C.E.W.* also states that a termination of parental rights proceeding is a bifurcated process consisting of the grounds phase and the dispositional phase. *Id.* at 60, 368 N.W.2d at 54. The jury determines whether grounds for termination exist, but only the court decides what disposition is in the best interest of the child. *Id.*

*C.E.W.* does not apply to these facts. In admonishing the guardian ad litem to refrain from invoking the best interest of the child in statements to the jury, *C.E.W.* does not place restrictions upon the *court's* conduct toward the guardian ad litem; it restricts the *guardian ad litem's* conduct. And even if the supreme court meant *C.E.W.* to be more broadly read, the court here did not instruct the jury to consider or determine the best interest of the child. Rather, it simply explained to the jury at the outset what role the guardian ad litem plays in the proceedings. We hold that such an introduction is not only informative, it is desirable. It is not error.

Finally, D.B. contends that there is insufficient evidence to support the jury's affirmative response to the fifth question of the special verdict. [2]

The credibility and weight of individual testimony are determinations for the jury. *White v. Leeder,* 144 Wis. 2d 684, 689, 424 N.W.2d 722, 725 (Ct. App. 1988), *reversed on other grounds,* 149 Wis. 2d 948, 440 N.W.2d 557 (1989). Appellate review of a jury's findings is limited to whether the record contains any credible evidence that under any reasonable view supports the verdict and removes the issue from the realm of conjecture. *Ford Motor Co. v. Lyons,* 137 Wis. 2d 397, 442, 405 N.W.2d 354, 372 (Ct. App. 1987).

Various professionals—a parent services worker, a homemaker, a foster care worker and a social worker—all testified as to efforts Waukesha county

[2]Question five of the special verdict was: "Has Waukesha County Community Human Services Department made a diligent effort to provide the services required by the court?"

made, through them, to provide D.B. with the court-ordered services. The social worker testified that he was unaware of any other services or referrals the county could have made to assist D.B. Based on this testimony and a review of the record, we cannot say the jury's findings were mere conjecture. We conclude that sufficient credible evidence was admitted at trial to support the jury's affirmative response.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.